Nott, J.,
delivered the opinion of the court:
This case presents for decision the legal question whether or not under the Revised Statutes, § 829, á United States marshal is entitled to a per diem compensation for every day during the term of a Circuit or District Court, whether the court be or be not in session.
The statutory provision is as follows:
“For attending the Circuit and District Courts, when both are in session, or either of them when only one is in session, *396 and for briuging in and committing prisoners and witnesses during the term, five dollars a day.” (§ 829.)
The conclusion and practice of the accounting officers led to the result that a marshal was entitled to his per diem for Sundays and holidays, but not for intervals between the sessions of a court (5 Lawrence, Comptroller’s Decisions, 329). Accordingly, between the 3rd February, 1880, and the 24th July, 1885, this claimant was deprived of compensation for nine hundred and five days, and it is for this per diem that he now seeks to recover. It is conceded that the statute does not give dual compensation, and it is apparent that if the marshal receives his per diem “for attendance” for every day of the term there is nothing left for him to recover “for bringing in” witnesses and prisoners. His maximum will have been reached when he is paid for every day of the term, no matter what his services may have been.
The counsel for the claimant also conceded on the argument that the result for which he contends would be reached if two-thirds of the section had been omitted and it read “For attending the Circuit and District Courts * * * during the term, five dollars a day.”
Courts can not well interpret a statute by declaring the greater part of its language to be either meaningless or useless. In the present case we are constrained to think that the language which refers to sessions of the Circuit and District Courts constitutes a qualifying clause.
The words “session” and “term” are sometimes used as if they were synonymous, but rarely if ever in the same sentence. A term begins at the time appointed by law and continues until the next term appointed by law, or until there be an adjournment for the term. In the ordinary working of a court there will be intermissions when the work is suspended but not broken off. A jury trial will be interrupted on Saturday evening but will be resumed on Monday morning. This interruption will not turn a sitting, into a session. The judge, the jurors, the witnesses, the officers, will all remain in attendance. The intermission for the dies non will- be no more than an intermission for a night.
As the sitting of the court continues, a point will be reached where the immediate business before it is finished, yet where other business not yet begun should be disposed of before the *397 next term. The court therefore will adjourn, not for the term, but to a day certain within the term. This adjournment constitutes the previous sitting of the court a session; and in the interval between it and the next session jurors, witnesses, and officers are ordinarily as free from attendance as if the term itself had terminated.
This court is of the opinion that the statute here must be construed with reference to this undefined but nevertheless common and well-understood usage. It implies that while either a Circuit or a District Court was in session, including days of ' mere intermission through which the business was merely suspended, as it is suspended during the night, the marshal was entitled to his per diem for attendance. In the interval between two sessions of the court he was entitled to his per diem for days in which witnesses or prisoners were brought in. In the vacation proper, that is to say, in the interval between two terms, he was not entitled to a per diem, and his compensation for services consisted of fees elsewhere prescribed by law.
But this provision of the Bevised Statutes was taken from the Act 26th February, 1853 (10 Stat. L., 165, § 1), and in the original text stands in these words:
£tFor traveling from his residence to the placelof holding court, to attend a term thereof, ten cents per mile for going only and five dollars per day for attending the Circuit and District Courts when they are both in session, or for attending either of said courts when but one is in session, and for bringing in and committing prisoners and witnesses during the term.”
It seems to the court clear that the obscurity of the llevised Statutes is caused by the change of phraseology, which does not affect the present case and which may or may not affect the right of a marshal to a per diem compensation for other services than that of attending court as hereinbefore indicated.
In the original statute the sentence alcove quoted provides both mileage and per diem compensation, the one for travel, the other for attendance, and concludes by providing that the one or the other of these compensations, without saying which, shall be allowed to the marshal “for bringing in and committing prisoners and witnesses during the term.” The one or the other of these compensations was manifestly the mileage. If while the marshal was attending court and receiving his per *398 diem for doing so be was obliged to go into the country by deputy and bring in a prisoner or witness in addition to his other duty, it was proper that he should receive other compensation; and as the measure of service was the distance which he would have to travel, the compensation was most properly mileage; and the mileage so allowed was to cover and include both the service of bringing a prisoner before the court and of keeping him in custody until he should be committed.
Whether the change of phraseology made by the Kevised Statutes iñ these provisions will entitle a marshal to a per diem for bringing in a prisoner or witness during the term is a question not before the court and upon which no opinion is expressed.
The counsel for the claimant has also adverted to the Appropriation Act, 1887 (24 Stat. L., p. 541), as furnishing a legislative construction of the provision of the Kevised Statutes now under consideration. That act merely provides that “hereafter no part of the appropriations made for the payment of fees for United States marshals” shall be “used in payment of a per diem compensation to any * * * marshal for attendance in court, except for days when the court is open by the judge for business or business is actually transacted in court.”
This legislation is at most a mere expression of opinion that the pre-existing law did or might be construed to allow compensation to a marshal for every day of the term, an opinion which was not intended as a rule of. construction for the judiciary, and which can not control the interpretation that the judiciary must give to statute law when properly a subject for construction. But the provision certainly did more than construe the pre-existing law, for it changed it; and the change was the material one of taking away from marshals- the per diem compensation for Sundays and holidays which the accounting officers had been allowing. In other words, the purpose must have been to change the law as construed and administered by the accounting officers by making the future compensation less. That change does not imply that Congress thought marshals were entitled to fees which the accounting officers had never allowed to them.
The judgment of the court is that the petition be dismissed.