Richardson, Oh. J.,
delivered the opinion of the court:
The claimant was marshal of the Territory of Idaho from August 25, 1883, to September-1, 1886, aud now brings this action to recover for such services actually performed and for necessary expenses actually paid by him while holding that office as have been disallowed by the First Comptroller of the Treasury and not paid.
The accounts are voluminous. Copies of them are annexed to the petition as exhibits. They were presented by the marshal to the district court in Idaho, in the presence of the district attorney, and proved to the satisfaction of the court that the services charged had been actually and necessarily performed and that the disbursements had been paid; and they were thereupon approved by the court, as required by the act of 1875, February 22, chapter 95, section 1 (Supplement to Rev. Stat., p. 145). These accounts thus approved were presented to the Treasury Department for payment, and the First Comptroller allowed many items, reduced others, and rejected those which are now sued for.
Under these circumstances the court finds it more convenient to designate the items it rejects than to specify those which it allows, and the findings are drawn in accordance with that idea.
The items amounting to $419.60 set out in finding two are all for services and disbursements incident thereto outside of the marshal’s district. In view of the 'following statutes these items must be rejected.
Revised. Statu tes, section 776, provides for one marshal for each district, except as therein stated, and the exception does-not apply to Idaho.
Section 78.7 requires him “ to execute, throughout the district* all lawful precepts directed to him and issued under the authority of the United States.”
Section 780 authorizes every marshal to appoint one or more deputies, removable by the district or circuit judge.
Section 782 requires every marshal to give bond for the faithful performance of the duties of tho office by himself and his deputies.
Section 1014 makes provision for the removal of “any offender or witness committed in any district other than that *199 where the offense is to be tried to the district where the trial is to be had ” upon a warrant seasonably issued by a judge of the district where the offender or witness is imprisoned and to be executed by the marshal.
■ The act of 1874, June 20, chapter 328, section 2 (Supplement to Bev. Stat., p, 47), provides that the marshal shall “reside permanently in the district where his official duties are to be performed, and he shall give his personal attention thereto; and in case any such officer shall remove from his district, or shall fail to give his personal attention to the duties of his office, except in case of sickness, such office shall be deemed vacant.” An exception as to residence is made in favor of the marshal of the southern district of New York, who may reside within twenty miles of his district.
The object of these provisions is not in doubt. They restrict the marshal in the performance of his official duties to the district for which he is appointed and in which he is required permanently to reside. They prevent his traveling all over the country with precepts to serve in other districts, leaving the official duties of his own district to be executed by his deputies. Outside of his district he would be a mere trespasser in whatever he attempted to do by color of his office, and the sureties on his official bond would not be liable.
The claimant charges for constructive attendance on court twelve Sundays, when the court was not in session, as set out in finding three, amounting to $60. This item must be disallowed, on the authority of McMullen’s Case (24 C. Cls. R., 394).
The item of return fare of Deputy Chapman from Oxford, at which place the warrant which he had served was made returnable, to Boisé City, where the deputy resided, $24.65, as set out in finding four, can not be allowed. As was rightly said by the Comptroller: “This travel was neither on the writ nor in returning to the place of its return, but was made after the case had been disposed of.”
The item of $18 charged, as set out in finding five, is tor the service of executions which were never served, but which were returned with the indorsement “ no money and no property.” No allowance can be made for services not performed, and this item is disallowed.
All the other items of the account are well proved as having been actually and necessarily incurred or paid. Those not *200 fixed by statute are proved to be according to the rates usually charged in Idaho at the time, and to be reasonable and necessary under the circumstances.
The claimant is entitled to judgment for the balance of his accounts over and above the items which we have disallowed, to wit, $3,515.68.